REID, Judge.
There are two appeals involved herein as a result of judgments in expropriation proceedings brought by the State of Louisiana, through the Department of Highways, first, against Joseph N. Bourgeois, Appeal No. 7202 and the second, State, through Dept. of Highways v. Mayet, La.App., 205 So.2d 616, Appeal No. 7206 against B. Guthrie Mayet. The State, through the Department of Highways filed both suits seeking property belonging to both defendants, which is located on the outskirts of the town of Lock-port, in the Parish of Lafourche, said land to be used for the relocation of a portion of Louisiana State Route No. 1 through Lock-port.
In the Bourgeois case the Department deposited the sum of $1813.24 in the Registry of the Clerk of Court as an estimate of just compensation for the taking. The Trial Court at the trial on the merits rendered judgment awarding Bourgeois an additional $2885.03.
In the suit against B. Guthrie Mayet the Department deposited the sum of $676.77 in the Registry of the Court as an estimate of just compensation for the taking and the *614 Trial Court rendered judgment awarding Mr. Mayet an additional $2679.13.
From these judgments the plaintiff, Department of Highways, has brought these appeals. The cases were consolidated for trial in the Lower Court and consolidated for argument and submission and judgment in this Court. The sole issue presented in both cases is the amount of compensation to which the defendants are entitled.
In the Bourgeois case the Department of Highways sought to expropriate four parcels of land. Parcel 1 contains 22,309 square feet or 0.512 acres and is basically unimproved acreage and adjoins and is identical with the land sought in the Mayet case, and we will discuss these two together later in this opinion.
The other three parcels sought in the Bourgeois suit, numbered Parcels 2, 3, and 4, respectively are portions of Lots situated in a subdivision known as Addendum No. 2 to Lockport Heights..
Parcel No. 2 which was expropriated is a portion of Lot 2 of Block 13 of Addendum No. 2 to Lockport Heights Subdivision. The amount of this lot taken was 267 square feet. Parcel No. 3 covers almost all of Lot No. 1 of Block 13 of said subdivision. The remaining portion is so small they have no material value.
Parcel No. 4 involves the taking of the front portion of Lot No. 5 of Block 14 of Addendum No. 2 to Lockport Heights Subdivision. An area of 2254 square feet was expropriated.
Parcel No. 1 covers land outside the subdivision and is a tract containing 0.512 acres.
The property involved in the other suit against Mayet consisted of some 22,559 square feet or 0.518 acres.
Plaintiff put on the Stand one appraiser Mr. J. Louis Blouin of Raceland, Louisiana. Blouin was a realtor and was accepted as an expert by the Court and all parties. He is the appraiser whose sworn estimate of just and adequate compensation was used by plaintiff in arriving at the value of properties taken and were the amounts deposited in the Registry of the Court.
In Mr. Blouin’s testimony he used as comparables, sales of lots in Lockport Heights as the basis for his estimate. He listed various sales ranging in price from $600.00 in 1955 up to $1000.00 per lot in 1957. The price of the lots sold increased in value with the years and the last few sold were at a price of $1000.00 per lot, the year before the taking. However, Mr. Blouin seemed to have averaged the sales and estimated the value of the lots at $850.00. The law definitely requires that the valuation be fixed as of the market value of the property at the time of the taking. Addendum No. 2 to Lockport Heights Subdivision is located between two other subdivisions, Lockport Heights being above and the E. P. Barrios Subdivision located a short distance below the property involved herein. Both of these subdivisions seem to be older and further developed than the Addendum No. 2 Subdivision.
Mr. C. M. Comeaux was the expert used by the defendant. He used comparable sales, although he did not list very many, but he testified that a lot in Lockport Heights on Oak Street sold for $1900.00 on April 29, 1958. This lot is but a short distance from the expropriated property and he likewise gave testimony concerning the sales in the Barrios Subdivision which indicated that comparable lots in said subdivision were selling at approximately $1400.00 each at the time of the expropriation. He further testified that the price of lots went up as the subdivision began to be settled and homes or buildings erected therein.
There was introduced into evidence certain portions of the record, including the testimony of Mr. Blouin, in the suit of State Department of Highways v. Barrilleaux decided by this Court in 139 So.2d 242. In that case, although the Barrilleaux property is similar to the property involved in this suit, namely subdivision lots which had not been developed and which were used as pasture, Mr. Blouin appraised the Barrilleaux *615 property at $4300.00 per acre or 100 a square foot. This is in strong contrast to his appraisal of 30 a square foot or $1300.00 per acre valuation placed on the property of the defendants, Bourgeois and Mayet. This property was not too far from the subject property.
In addition there was a record offered in evidence of State of Louisiana, through the Department of Highways vs. Eugenia Bourgeois Alvarez, No. 13198 on the docket of the Trial Court. The Alvarez property and the Barrilleaux property were both expropriated about the same time as was the Bourgeois property and Mayet property involved in this suit. The properties in both instances were very similar in that they were subdivision lots or property adjoining subdivision which had never been developed and all of which were used as cattle pastures or sugar cane land. We feel that the Trial Judge felt that portions of the records offered in these two suits offered in evidence herein to impeach the testimony of plaintiff’s witness, Mr. Blouin, reflected to some extent upon Mr. Blouin’s testimony.
The Trial Judge in his written reasons for judgment found a value of $1000.00 per lot for the three parcels located in Addendum No. 22, Lockport Heights Subdivision. He found that “with certainty the values in this subdivision are constantly increasing since 1957, a year before this expropriation the rock bottom value was $1000.00 shown by even State experts.” This value is slightly more than 150 per square foot which is what he used. He applied this value to the Parcels 2, 3, and 4 which were located in Addendum No. 2 to Lockport Heights Subdivision.
Using this value as a basis he found that an area of 267 feet was taken from Lot 2 of Block 13 (Parcel No. 2) of the subdivision. He also found that after the taking the depth of this lot on its east line was reduced to 81.86 feet and in the width on the rear line was reduced to 41.40 feet. He found the area taken was worth $40.00 and he fixed the severance damages of the diminished value of the lot at $100.00 and awarded defendant $140.00 for Parcel No. 2.
As regards Parcel No. 3 consisting of most of Lot No. 1 of Lot 13, he found an area of 3890 feet taken out of this lot, which using his established value of 150 a square foot was worth $583.50. There only remains a small triangular area which both he and the plaintiff’s appraiser found to have no value whatever to defendant. He fixed the value of the plaintiff’s award at the sum of $650.00.
In regard to Parcel No. 4 he found an area of 2254 square feet were taken out of Lot 5, Block 14 which at his established value of 15^ per square foot amounted to $338.10. After the taking there remained an odd shaped lot on the eastern line of 45.-02 feet. He found that the taking of % of the original lot had damaged the sales value of the remaining %’s at least 50%. This fixed the severance damages at half the original value, or the sum of $339.27. He found the value of the taking and severance damages at a total sum of $677.37.
Getting back to Parcel No. 1 which was located outside the subdivision consisting of 0.512 acres he found a value of 100 a square foot. Using this value as a basis for the area comprising 22,309 square feet fixed the award at $2,230.90.
Mr. Comeaux, the defendant’s appraiser testified that for the Mayet and Bourgeois properties located out of the subdivision he could get $6000.00 an acre for it. He further testified that a piece of property not very far from where this property was located sold for $6000.00 an acre.
Mr. Blouin, the plaintiff’s appraiser, fixed the value at 30 a square foot on this type of property, although he testified in the other two suits (Barrilleaux and Alvarez) that the valuation was 9 and 100 a square foot, and the Court saw fit to raise the value up to 300 a square foot.
For these reasons we feel that the Trial Court in fixing the value at 100 per *616 square foot arrived at a fair valuation of the Parcel 1 of the Bourgeois property and the property of Mayet.
This brings us to the question of severance damages and particularly the $1000.00 awarded for Parcel No. 1 and $1100.00 awarded to Mayet.
The Trial Court found that the highest and best use of these two particular properties, Parcel No. 1 of the Bourgeois tract and the Mayet tract was for residential development. The testimony in the record proved the severance damages in the amount which it would cost to build a pen for cattle which would be pastured upon this particular two tracts of land. The use of the land for agricultural purposes is not in line with the highest and best use of the property. Severance damages must be related to the highest and best use to which the property can be used.
In these two cases the defendants have failed to show that there has been any diminution in value to the remaining property for residential use after the taking of the right of way. This principle of law is in line with our decision handed down this day in Humble Pipe Line Co. v. William T. Burton Industries, Inc., La.App., 205 So.2d 724.
For these reasons the judgment of the Lower Court insofar as it awarded to Bourgeois $1000.00 and Mayet $1100.00 respectively for severance damages is reversed, and the judgment is accordingly amended to reduce the award to each by the sum of $1000.00 to Bourgeois and the sum of $1100.00 to Mayet.
It is therefore ordered, adjudged and decreed that the judgment of the Lower Court be reversed insofar as the severance damages are concerned and amended by reducing the total award to the sum of $3698.27, subject to credit of the amount deposited in the Registry of the Court and as amended be affirmed in all other respects. Court costs in both Courts to be borne by the plaintiff.
Reversed in part, amended and affirmed.